**Syed Qayem HUSSAIN, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71959.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.**

Decided July 15, 2004.

Manpreet Singh Gahra, Law Office of Virender K. Goswami, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Douglas E. Ginsburg, John M. McAdams, Jr., David Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondent.

that John Ashcroft, Attorney General, is the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM ***

Syed Qayem Hussain, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and suspension of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

We conclude that a reasonable factfinder would not be compelled to find that petitioner had established past persecution or a well-founded fear of future persecution on account of his actual or imputed political opinion, or membership in a social group. *See Molina–Estrada v. INS*, 293 F.3d 1089 (9th Cir.2002) (as amended) (rejecting claim based on membership in social group, absent compelling evidence of persecution "on account of" such membership); *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197–98 (9th Cir.2000) (requiring that persecution occur at the hands of government, quasi-official group, or persons or groups that government is unwilling or unable to control); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (recognizing that discrimination ordinarily does not amount to persecution).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Ghaly*, 58 F.3d at 1429.

Finally, petitioner's contention concerning the BIA's streamlining procedures is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

